IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT GRIMSLEY,

        Petitioner,

v.

BRAD CAIN,

        Respondent.

Case No. 2:19-cv-01601-SU

ORDER TO DISMISS

MOSMAN, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Because Petitioner has not exhausted his remedies available in Oregon's state courts, the Petition for Writ of Habeas Corpus (#1) is summarily dismissed. *See* Rule 4, Rules Governing Section 2254 Cases.

### BACKGROUND

As recounted in *Grimsley v. Cain*, 2:19-cv-00881-SU, in 2015 Petitioner pleaded guilty in Douglas County to Attempted Assault

1 - ORDER TO DISMISS

and Unlawful Use of a Weapon. The Circuit Court imposed a 21-month term of incarceration on the Attempted Assault conviction, and a five-year term of supervised probation for the weapons charge.

On September 9, 2016, the Oregon Department of Corrections released Petitioner from custody on his assault charge at which point he began serving his term of probation on the weapons charge. Petitioner violated the terms of his probation, thus on February 26, 2018, the Douglas County Circuit Court revoked his probation and returned him to prison.

On November 21, 2018, Petitioner filed a 42 U.S.C. § 1983 action seeking damages and injunctive relief based upon what he believes to be the incorrect calculation of his sentence. On December 20, 2018, Judge McShane dismissed that case without prejudice on the basis that Petitioner could not seek money damages without first seeking a correction of his sentence by way of a federal habeas corpus case. *Grimsley v. Oregon, et al.*, 3:18-cv-02019-MC.

On June 6, 2019, Petitioner filed for habeas corpus relief in which he appeared to challenge the legality of his underlying guilty plea and resulting judgment, and also appeared to challenge the revocation of his parole. Because Petitioner was still pursuing a direct appeal, and after allowing Petitioner an opportunity to

show cause, the Court dismissed his case without prejudice for lack of exhaustion. *Grimsley v. Cain*, 2:19-cv-00881-SU. The Court subsequently denied Petitioner's Motion for Reconsideration, and advised him that he could not file any additional such motions in that case.

Less than two months after filing for reconsideration in 2:19-cv-00881-SU, Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on October 7, 2019. He does not challenge the validity of his underlying plea, nor does he challenge the revocation of his parole. Instead, he challenges the execution of his state sentence insofar as he claims that the Oregon Department of Corrections has unlawfully stripped him of between 26 and 28 months credit for time served.

## STANDARDS

The federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This Court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254

3 - ORDER TO DISMISS

Cases; *see also O'Bremski v. Maass,* 915 F.2d 418, 420 (9th Cir. 1990), *cert. denied,* 498 U.S. 1096 (1991); *Hendricks v. Vasquez,* 908 F.2d 490, 491 (9th Cir. 1990).

**DISCUSSION**

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *Rose v. Lundy,* 455 U.S. 509, 519-519 (1982). The exhaustion doctrine is designed "to avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors." *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973).

In this case, Petitioner does not dispute that he failed to exhaust his state-court remedies. Instead, he argues that his current challenge to the execution of his sentence is irrelevant to, and cannot be included within, his pending direct appeal stemming from his parole revocation. He contends that the Court should not require him to pursue any proceedings in state court because "there is no vehicle in the lower state courts to correct

4 - ORDER TO DISMISS

the fraud" pertaining to the execution of his sentence. Memo in Support (#10, p. 9).

Even assuming Petitioner's direct appeal remedy is inadequate to challenge the computation of his prison sentence in the wake of his parole revocation, he would still be able to avail himself of the state habeas corpus remedy. *See Haskins v. Palmateer*, 186 Or. App. 159, 163, 63 P.3d 31, *rev. denied*, 335 Or. 510, 73 P.3d 291 (2003) ("Habeas corpus is an appropriate remedy when a petitioner has 'no other timely remedy available,' and there is a 'need for immediate judicial scrutiny' of the claim."). Accordingly, Petitioner does have an available state-court remedy through which to present his claims to Oregon's state courts. To the extent he believes the state courts will be unsympathetic to his claims, this perception does not justify excusing the exhaustion requirement. *Engle v. Isaac*, 456 U.S. 107, 130 (1982).

Petitioner also asserts that he is the victim of extraordinary delay in the state courts because he "has been chasing this fraud for almost 2 years now and he still believes that he knows nothing about it." Memorandum in Support (#10), p. 8. It is difficult to reconcile Petitioner's claim of excessive delay in the state courts with his assertion that his pending appeal is irrelevant to his claims in this case. Nevertheless, even assuming Petitioner is

actively litigating his issues in state court, an appellate delay of less than two years would not violate due process. *See Coe v. Thurman*, 922 F.3d 528, 530-31 (9th Cir. 1991) (finding a due process violation in a delay of nearly four years during a direct appeal).

For all of these reasons, exhaustion is not excused. Where it is evident that Petitioner's claims remain unexhausted, the Petition for Writ of Habeas Corpus is summarily dismissed.

## CONCLUSION

The Petition for Writ of Habeas Corpus (#1) is summarily dismissed, without prejudice, where Petitioner has not exhausted his state court remedies. Petitioner's pending Motions (#6, #7, #8) seeking preliminary injunctive relief are denied.

IT IS SO ORDERED.

DATED this 2d day of Dec., 2019.

_____
Michael W. Mosman
United States District Judge